# EXHIBIT 3

Timothy J. Burke (181866)
STULL, STULL & BRODY
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:    (310) 209-2468
Fax:    (310) 209-2087
Email: service@ssbla.com

Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:    (212) 687-7230
Fax:    (212) 490-2022
Email: ssbny@aol.com

**Attorneys for Movants and
Proposed Lead Counsel for the Class**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRENA SMAJLAJ, Individually And on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BROCADE COMMUNICATIONS SYSTEMS, INC., GREGORY L. REYES, and ANTONIO CANOVA,<br><br>Defendants. | CASE NO. C 05-02042 CRB<br><br>**CLASS ACTION**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL PURSUANT TO SECTION 21D OF THE SECURITIES EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS**<br><br>DATE:    August 26, 2005<br>TIME:    10:00 a.m.<br>JUDGE:   Hon. Charles R. Breyer<br>CTRM:    8, 19th Floor |

# TABLE OF CONTENTS

**PAGE NO.**

I. INTRODUCTION .................................................................. 1

II. MOVANTS ARE THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA
AND SHOULD BE APPOINTED LEAD PLAINTIFF ............................... 3

    A. Movants Make Their Motion Within 60 Days of Publication of Notice .......... 4

    B. Movants Have the Largest Financial Interest in the Relief Sought .............. 5

    C. The Proposed Lead Plaintiff is Qualified Under Rule 23 ...................... 5

        1. The Claims Of The Proposed Lead Plaintiff Are Typical Of The
Claims Of The Class ................................................. 5

        2. The Proposed Lead Plaintiff Will Fairly And Adequately Represent The
Interests Of The Class ............................................... 7

III. THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S
CHOICE OF LEAD COUNSEL ........................................................ 7

IV. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS
FOR THE PURPOSES OF EFFICIENCY AND JUDICIAL ECONOMY .............. 7

V. CONCLUSION ..................................................................... 9

i

**MPA IN SUPPORT OF HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLTFS & LEAD COUNSEL PURSUANT TO §21D OF THE SECURITIES AND EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. C 05-02042 CRB**
W:\STULL\BROCADE\PLD\LEADMPA.wpd

Hai-Ning Huang, Gary E. and Nancy M. Bashor, Frank and Janet Petrino, Salvatore Malinguaggio, Eric M. and Vivian S. Lange and John J. Silvestri (hereinafter the "Huang Group" or "Movants") respectfully submit their Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934 and for Consolidation of All Related Actions (the "Motion").

## I.   INTRODUCTION

Presently pending in this District are six related securities fraud class actions against Brocade Communications Systems, Inc. ("Brocade" or the "Company") and certain of its officers and directors. All of the actions allege the same common scheme and course of conduct by defendants to defraud investors in violation of §10(b) and Rule 10b-5 promulgated thereunder, and §20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"). Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (codified at 15 U.S.C. §78u-4), Movants respectfully submit their memorandum in support of their Motion for appointment as Lead Plaintiff and approval of their choice of Stull, Stull & Brody as Lead Counsel and consolidation of all related actions.

Movants acquired Brocade securities between February 21, 2001 and May 15, 2005 (the "Class Period") and suffered damages as a result of defendants' violations of the federal securities laws.[1] As is more fully alleged throughout the complaints, these actions arise from damages incurred by the Class as a result of a scheme and common course of conduct by defendants which operated as a fraud and deceit on the Class during the Class Period. Defendants' scheme included rendering false and misleading statements and/or omissions. As a result of these false statements, Brocade's stock price traded at inflated levels during the Class Period.

---

[1] The PSLRA specifically authorizes class members, regardless of whether they have filed a complaint, to move for appointment of Lead Plaintiff. *See* 15 U.S.C. §78u-4 (a)(3)(B). Movants have completed sworn certifications listing their purchases of Brocade securities and requesting that they be appointed Lead Plaintiff(s). *See* Exhibit A to the Declaration of Timothy J. Burke in Support of Motion of the Huang Group for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of The Securities Exchange Act of 1934 (hereinafter "Burke Decl. Ex.___"). Movants' counsel represents additional members of the Class who are also willing to be lead plaintiff, but have less in total damages than Movants.

1

**MPA IN SUPPORT OF HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLTFS & LEAD COUNSEL PURSUANT TO §21D OF THE SECURITIES AND EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS**
**CASE NO. C 05-02042 CRB**
W:\STULL\BROCADE\PLD\LEADMPA.wpd

Movants believe they have the largest financial interest in the relief sought by the class. Movants collectively lost $69,063.23 during the Class Period after purchasing 11,400 shares of Brocade common stock. Accordingly, under the mandates of the PSLRA, Movants are presumed to be the "most adequate Plaintiff." *See* Burke Decl. Exs. A and B.

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. In *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002), the Ninth Circuit outlined the procedures district courts are to follow when deciding who will be appointed as Lead Plaintiff. As the Ninth Circuit noted, the PSLRA instructs district courts to select as Lead Plaintiff the plaintiff "most capable of adequately representing the interests of class members." *Id*. at 729, *citing* 15 U.S.C. § 78u-4(a)(3)(B)(i). The "most capable" plaintiff - and hence the Lead Plaintiff - is the one who has the greatest financial stake in the outcome of the case, so long as he or she meets the requirements of Rule 23. *Id*.

The PSLRA provides a simple three-step process for identifying the lead plaintiff. *Id*. The first step consists of publicizing the pendency of the action, the claims made and the purported class period. 15 U.S.C. §78u-4(a)(3)(A). *Id*. The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. §78u-4(a)(3)(A)(i). The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i)(II).

In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting the presumptively most adequate plaintiff - and hence the presumptive lead plaintiff. The presumptive lead plaintiff has the largest financial interest in the relief sought by the class and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. *Id.*, *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). To make this comparison, the district court must calculate each potential lead plaintiff's financial interest in the litigation. *Id* at 730, n.4. In other words, the district court must compare the financial stakes of the various plaintiffs and determine which plaintiff has the most to gain from the lawsuit. *Id*. at 729-730.

2

1  The district court must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of *typicality* and *adequacy*. *Id*. at 730 (emphasis added). If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff. *Id*.

The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies the typicality and adequacy requirements of Rule 23. *Id.*, *citing* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). At the third stage, the process turns adversarial and other plaintiffs may present evidence that disputes the Lead Plaintiffs' prima facie showing of typicality and adequacy. *Id.* The district court may need to hold an evidentiary hearing, and to make a renewed determination of typicality and adequacy. *Id.*, *citing In re Cendant Corp. Litig.*, 264 F.3d 201, 268. n.6 (3d Cir. 2001), *cert. denied*, 152 L. Ed. 2d 212, 122 S. Ct. 1300 (2002).

If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23. *Id*.

The first complaint filed against defendants was commenced on May 19, 2005. That same day, counsel in that action caused notice to be published on *Business Wire* which informed potential class members of the pendency of the action and their right to move to be appointed Lead Plaintiff and to designate their choice of Lead Counsel within 60 days.[2] *See* Burke Decl. Ex. C.

**II. MOVANTS ARE THE MOST ADEQUATE PLAINTIFF UNDER THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs

---

[2] Additional notices were also published by counsel in subsequently filed actions.

3

the Court to consider any motions by plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  Under this section of the Exchange Act, the court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person, or group of persons, which:

>  (aa)   has either filed the complaint or made a motion in response to a notice . . .;
>  (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>  (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

Movants purchased 11,400 shares of Brocade common stock and executed option trades during the Class Period and have incurred a loss of $69,063.23.  *See* Burke Decl. Exs. A and B.  *Id*.  Movants therefore believe that they have the largest financial interest in the relief sought by the Class and are thus presumptively entitled to appointment as Lead Plaintiff.

Movants also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure because their claims are typical of the claims of the Class, they will fairly and adequately represent the interests of the class because their interests are clearly aligned with the members of the Class and they have retained experienced class counsel to represent the Class.  Accordingly, Movants hereby seek approval for their appointment as Lead Plaintiff and for appointment of their counsel as Lead Counsel, and for the consolidation of the related actions.

### A.   Movants Make Their Motion Within 60 Days of Publication of Notice

As set forth in their certification, Movants have reviewed a complaint filed against defendants, adopted its allegations and expressed their willingness to serve as representative of the class. Burke Decl. Ex. A.  Further, Movants timely bring this motion within 60 days of publication of the required notice.  *See* Burke Decl. Ex. C.

4

### B. Movants Have the Largest Financial Interest in the Relief Sought

During the Class Period, Movants purchased their Brocade securities at prices artificially inflated by defendants' false and misleading statements and have each suffered substantial losses during the Class Period.[3] *See* Burke Decl. Exs. A and B. Movants purchased 11,400 shares of Brocade common stock and executed option trades during the Class Period and have incurred a loss of $69,063.23. *Id.* To the best of their knowledge, Movants have the largest financial interest in the relief sought by the Class. Movants are, therefore, presumptively the most adequate Lead Plaintiff pursuant to the PSLRA. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### C. The Proposed Lead Plaintiff is Qualified Under Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the Class and that the representative will fairly and adequately protect the interests of the Class. As detailed below, Movants satisfy the typicality and adequacy requirements of Rule 23(a).

#### 1. The Claims Of The Proposed Lead Plaintiff Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same or similar injuries as the absent class members; (b) as a result of the same course of conduct by defendants; and (c) the claims are based on the same legal issues. *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225 (7th Cir. 1983). *See also, Epstein v. MCA, Inc.*, 50 F.3d 644, 668 (9th Cir. 1995), *rev'd on other grounds sub nom. Matsushita Elec. Indus. Co. v. Epstein*, 516

---

[3] Pursuant to Section 21D(e)(1) of the 1934 Act, the calculated damages for plaintiffs holding their shares through the end of the class period is "the difference between the purchase or sale price paid or received . . . and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." 15 U.S.C. §78u-4(e)(1).

5

U.S. 367 (1996). The questions of law and fact common to the Class members here which predominate over questions that may affect individual claims include:

    (a)    whether the federal securities laws were violated by defendants' acts;

    (b)    whether defendants' statements during the Class Period omitted and/or misrepresented material facts;

    (c)    whether defendants pursued the fraudulent scheme and course of conduct complained of;

    (d)    whether the defendants acted intentionally or recklessly;

    (e)    whether the market price of Brocade's stock was artificially inflated due to the activities complained of; and

    (f)    the extent of damages class members sustained and the appropriate measure of those damages.

Movants' claims are typical of the claims of the members of the proposed Class. Movants, as do all members of the proposed Class, allege that Brocade and certain of its directors and high ranking officers, violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about Brocade during the Class Period. Further, Movants, as did all of the members of the proposed Class, acquired Brocade stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by Movants are based on the same legal theory and arise "from the same event or course of conduct giving rise to the claims of other class members." *See Guenther v. Pacific Telecom, Inc.*, 123 F.R.D. 333 (D. Or. 1988). *Accord, Blackie v. Barrack,* 524 F.2d 891, 902-03 & n.19 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976); *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Freedman v. Louisiana-Pacific Corp.*, 922 F. Supp. 327, 398-99 (D. Or. 1996).

//

//

6

**MPA IN SUPPORT OF HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLTFS & LEAD COUNSEL PURSUANT TO §21D OF THE SECURITIES AND EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS**
**CASE NO. C 05-02042 CRB**
W:\STULL\BROCADE\PLD\LEADMPA.wpd

### 2. The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class

The interests of Movants are clearly aligned with the members of the proposed Class. There is no evidence of any antagonism between the interests of these individuals and the proposed class members. As detailed above, Movants share substantially similar questions of law and fact with the members of the proposed Class, their claims are typical of the members of the Class, and they have taken significant steps to advance this litigation. In addition, Movants have amply demonstrated their adequacy to serve as class representatives by signing certifications affirming their willingness to serve as, and assume the responsibilities of, class representatives. Finally, Movants have selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. For these reasons, Movants should be appointed Lead Plaintiff in the consolidated action.

## III. THIS COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. *See* §21D(a)(3)(B)(v). Movants have selected the law firm of Stull, Stull & Brody to serve as Lead Counsel for the Class. This firm possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Burke Decl. Ex. D.

## IV. THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FOR THE PURPOSES OF EFFICIENCY AND JUDICIAL ECONOMY

Rule 42(a) of the Federal Rules of Civil Procedure provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

//

//

7

1  Currently pending in this District are six related securities fraud class action lawsuits which
2 have been filed against the same defendants.[4] Movants believe consolidation of the six actions is
3 appropriate since all six actions involve common questions of law and fact and allege the same or
4 similar claims under the federal securities laws on behalf of the same or similar plaintiff class.  In
5 addition, all six actions will involve similar issues regarding class certification, and will
6 undoubtedly involve identical discovery.  There is also no reason to believe that defendants would
7 not support consolidation of these six actions, as well as any subsequently filed related actions.
8 Accordingly, these actions should be consolidated in the interests of judicial economy and overall
9 efficiency.  Therefore, Movants  respectfully request all related securities fraud cases be
10 consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  *See
11 also In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 176 (C.D. Cal. 1976) (noting
12 that class action suits are ideally suited to consolidation since their unification expedites pretrial
13 proceedings, reduces case duplication, avoids the contacting of parties and witnesses for inquiries in
14 multiple proceedings, and minimizes the expenditure of time and money by all persons concerned).[5]
15 //
16 //
17 //

---

[4] *Smajlaj, etc. v. Brocade Communications Systems, Inc.,, et al.*, 05CV2042 CRB (filed May 19, 2005); *Saldana-Harlow, etc. v. Brocade Communications Systems, Inc., et al.*, 05CV2139 CRB (filed May 25, 2005); *Huang v. Brocade Communications Systems, Inc., et al.*, 05CV2316 CRB (filed June 7, 2005); *Sreenivas, etc. v. Brocade Communications Systems, Inc., et al.*, 05CV2374 SBA (filed June 10, 2005); *Armour, etc. v. Brocade Communications Systems, Inc., et al.*, 05CV2396 CRB (filed June 13, 2005); *Witt, etc. v. Brocade Communications Systems, Inc., et al.*, 05CV2692 SBA (filed June 30, 2005).

[5] Section 21D(a)(3)(B)(ii) of the Exchange Act also mandates consolidation in similar instances.  "If more than one action on behalf of a class asserting substantially the same claim or claims arising under this title has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of appointment of lead plaintiff under §21D(a)(3)(B)(i)] until after the decision on the motion to consolidate is rendered."  15 U.S.C. §78u-4(a)(3)(B)(ii).

8

**MPA IN SUPPORT OF HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLTFS & LEAD COUNSEL PURSUANT TO §21D OF THE SECURITIES AND EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS**
**CASE NO. C 05-02042 CRB**
W:\STULL\BROCADE\PLD\LEADMPA.wpd

## V. CONCLUSION

For all the foregoing reasons, Movants respectfully request that this Court consolidate all related actions with the above captioned case pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, appoint Movants as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the 1934 Act, and approve their choice of Stull, Stull & Brody as Lead Counsel for the Class pursuant to Section 21D(a)(3)(B)(v) of the 1934 Act.

DATED: July 18, 2005

Timothy J. Burke
STULL, STULL & BRODY

By:     / s /
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Tel:   (310) 209-2468
Fax:   (310) 209-2087
Email: service@ssbla.com

Jules Brody
Aaron Brody
Tzivia Brody
STULL, STULL & BRODY
6 East 45th Street
New York, NY 10017
Tel:   (212) 687-7230
Fax:   (212) 490-2022
Email: ssbny@aol.com

**Attorneys for Movants and
Proposed Lead Counsel for the Class**

**MPA IN SUPPORT OF HUANG GROUP'S MOTION FOR APPOINTMENT OF LEAD PLTFS & LEAD COUNSEL PURSUANT TO §21D OF THE SECURITIES AND EXCHANGE ACT OF 1934, AND FOR CONSOLIDATION OF ALL RELATED ACTIONS
CASE NO. C 05-02042 CRB**
W:\STULL\BROCADE\PLD\LEADMPA.wpd