COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
GRANT P. FONDO (181530) (gfondo@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAI-NING HUANG, WAY-LING HWANG, FRANK PETRUNO and GORDON A. MECCAY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY L. REYES, ANTONIO CANOVA, NICHOLAS G. MOORE, DAVID L. HOUSE, SETH D. NIEMAN, CHRISTOPHER B. PAISLEY, NEIL DEMPSEY, BROCADE COMMUNICATIONS SYSTEMS, INC. and DOES 1 through 25,<br><br>Defendants. | Case No. CV 07-5950<br><br>**CLASS ACTION**<br><br>**BROCADE COMMUNICATIONS SYSTEMS, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Date:         January 9, 2008<br>Time:        9:30 a.m.<br>Courtroom: F<br><br>Magistrate Judge James Larson |

COOLEY GODWARD KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

763796 v1/PA

BROCADE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV 07-5950

## I. INTRODUCTION

Defendant Brocade Communications Systems, Inc. ("Brocade") respectfully requests that the Court consider certain documents submitted in support of its Motion To Dismiss Complaint Pursuant to the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77p, 78bb ("Motion To Dismiss"). Those documents fall into three categories: (1) pleadings filed in this Court and in the Superior Court for the State of California, County of Santa Clara ("Santa Clara Superior Court"); (2) Brocade's public filings with the United States Securities and Exchange Commission ("SEC"); and (3) materials posted on the SEC's website. Such documents should be considered in connection with Brocade's Motion because they are subject to judicial notice under Federal Rule of Evidence 201 and/or referenced in and relied upon in plaintiffs' complaint.

## II. DOCUMENTS REQUESTED TO BE CONSIDERED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS.

Brocade respectfully requests that the Court consider the following documents in support of its Motion To Dismiss. True and correct copies of each of these documents are attached to the Declaration of Angela L. Dunning ("Dunning Decl.") filed concurrently herewith:

1. Amended Consolidated Class Action Complaint ("Fed. Class Complaint"), filed on January 2, 2007 in this Court *In re Brocade Securities Litigation*, Case No. 3:05-CV-02042-CRB (the "Federal Class Action");

2. Complaint For Violation of the Federal Securities Laws ("First Huang Complaint"), filed on June 7, 2005 in this Court in *Huang v. Brocade Communications Systems, Inc. et al.*, Case No. 3:05-CV-02316-CRB, now consolidated as part of the Federal Class Action;

3. Memorandum of Points and Authorities in Support of the Huang Group's Motion for Appointment of Lead Plaintiff and Lead Counsel Pursuant to Section 21D of the Securities Exchange Act of 1934, and for Consolidation of All Related Actions (the "Huang Lead Plaintiff Motion"), filed on July 18, 2005 in this Court in the Federal Class Action;

4. Consolidated Amended Complaint ("Federal Derivative Complaint"), filed on October 7, 2005 in this Court in *In re Brocade Communications Systems, Inc. Derivative Litigation*, Case No. 3:05-CV-02233-CRB (the "Federal Derivative Action");

1  5. Consolidated Amended Shareholder Derivative Complaint, filed on November 13, 2006 in the Santa Clara Superior Court in *In Re Brocade Communications Systems, Inc. Derivative Litigation*, Case No. 1-05-CV-041683 (the "State Derivative Action");

6. Brocade's definitive proxy statement on Form DEF 14A, filed with the SEC on February 23, 2004; and

7. *Securities Litigation Uniform Standards Act of 1997: Hearing on S. 1260 Before the Subcommittee On Securities of the Senate Committee on Banking, Housing, and Urban Affairs*, 105th Cong. 21-22 (1997) (testimony of SEC Chairman Arthur Levitt and SEC Commissioner Isaac C. Hunt, Jr.), available on the SEC's website at http://www.sec.gov/news/testimony/testarchive/1997/tsty1997.txt (last visited December 3, 2007).

## III. ARGUMENT

In ruling on a motion to dismiss, it is well settled that the Court may consider documents attached to the complaint, documents incorporated by reference in the complaint and matters subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Each of the above enumerated documents falls into one or more of these categories and, thus, should be considered by the Court when ruling on Brocade's Motion To Dismiss.

### A. Pleadings From This Court and the Santa Clara Superior Court (Document Nos. 1-5) Are Subject To Judicial Notice

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In particular, the Court is authorized to take judicial notice of pleadings filed in other litigation. *See, e.g., Headwaters Inc. v. United States Forest Serv.*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2003) (taking judicial notice of docket and complaint from another action) (citation omitted); *see also McConnell v. United States*, 478 F.3d 1092, 1096 n.4 (9th Cir. 2007) (taking judicial notice of district court and appellate records in another action).

Here, Brocade requests that the Court take judicial notice of the operative complaints in the Federal Class Action and State and Federal Derivative Actions, as well as the First Huang

1  Complaint and the Huang Lead Plaintiff Motion (Document Nos. 1-5). Judicial notice is
2  appropriate because these documents were filed in this Court and in the Santa Clara Superior
3  Court and are therefore capable of accurate and ready determination by resort to sources whose
4  accuracy cannot reasonably be questioned. Fed. R. Evid. 201. Moreover, Brocade seeks
5  consideration of these documents not for their truth, but rather to demonstrate that plaintiffs and
6  others have challenged the identical conduct alleged herein. *McConnell*, 478 F.3d at 1096 n.4.
7  Thus, the Court should consider these pleadings in ruling on Brocade's Motion To Dismiss.

**B.  Brocade's 2004 Proxy Statement (Document No. 6) Is Incorporated By Reference Into the Complaint and Is Subject To Judicial Notice**

Under Federal Rule of Evidence 201, courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings." *Glenbrook Capital Ltd. P'ship v. Kuo*, No. C07-02377-MJJ, 2007 WL 2601260, at *5 (N.D. Cal. Sep. 6, 2007) (citations omitted). A court may also take judicial notice of documents that are "integral to the plaintiff's claims" and whose "authenticity is not disputed," even if they are not explicitly incorporated into the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). "In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss . . . ." *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (citation omitted) (same).

Here, Brocade asks the Court to take judicial notice of Brocade's definitive proxy statement on Form DEF 14A, filed February 23, 2004 (Document No. 6). That document is explicitly referenced in plaintiffs' state class action complaint, removed to this Court on November 26, 2007 ("Complaint"). (Compl. ¶¶ 108, 109.) Moreover, that document is a publicly available SEC filing and is therefore subject to judicial notice. *Silicon Graphics*, 970 F. Supp. at 758. Finally, the content of Brocade's 2004 proxy statement is not subject to reasonable dispute because plaintiffs purport to rely on it in their Complaint. Fed. R. Evid. 201. Accordingly, the Court should take judicial notice of this proxy statement in ruling on Brocade's Motion To Dismiss.

### C. The SEC's Testimony Regarding the Securities Litigation Uniform Standards Act of 1998 (Document No. 7) Is Subject to Judicial Notice.

The final document over which Brocade requests that the Court take judicial notice (Document No. 7) is a transcript of the October 29, 1997 testimony of SEC Chairman Arthur Levitt and SEC Commissioner Isaac C. Hunt, Jr. before the Subcommittee on Securities of the Senate Committee on Banking, Housing, and Urban Affairs, in connection with its consideration of the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). This document is subject to judicial notice because it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). In particular, the testimony is a matter of public record, the transcript of the testimony is publicly available on the SEC's website and the authenticity of the transcript may not reasonably be disputed. *See National Coalition Gov't of Union of Burma v. Unocal, Inc.*, 176 F.R.D. 329, 351-52 (C.D. Cal. 1997) (taking judicial notice, in ruling on motion to dismiss for lack of standing, of testimony of then-United States Ambassador to the United Nations Madeline Albright before the Senate); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). Accordingly, the Court should take judicial notice of the SEC's Senate testimony on SLUSA in considering defendants' Motion To Dismiss.

### IV. CONCLUSION

For the reasons stated above, Brocade respectfully request that the Court consider all of the documents described above in considering its Motion To Dismiss.

Dated: December 3, 2007

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

/s/ Grant P. Fondo
Grant P. Fondo

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.