COOLEY GODWARD KRONISH LLP
JOHN C. DWYER (136533) (dwyerjc@cooley.com)
GRANT P. FONDO (181530) (gfondo@cooley.com)
ANGELA L. DUNNING (212047) (adunning@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone:   (650) 843-5000
Facsimile:   (650) 857-0663

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HAI-NING HUANG, WAY-LING HWANG, FRANK PETRUNO and GORDON A. MECCAY, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GREGORY L. REYES, ANTONIO CANOVA, NICHOLAS G. MOORE, DAVID L. HOUSE, SETH D. NIEMAN, CHRISTOPHER B. PAISLEY, NEIL DEMPSEY, BROCADE COMMUNICATIONS SYSTEMS, INC. and DOES 1 through 25,<br><br>Defendants. | Case No. CV 07-5950 CRB<br><br>**CLASS ACTION**<br><br>**BROCADE COMMUNICATIONS SYSTEMS, INC.'S SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT PURSUANT TO THE SECURITIES LITIGATION UNIFORM STANDARDS ACT, 15 U.S.C. §§ 77p, 78bb**<br><br>Date:       March 7, 2008<br>Time:       10:00 a.m.<br>Courtroom: 8<br>Judge:      Hon. Charles R. Breyer |

I.   **INTRODUCTION**

Defendant Brocade Communications Systems, Inc. ("Brocade") respectfully requests that the Court consider certain documents submitted in support of its Motion To Dismiss Complaint Pursuant to the Securities Litigation Uniform Standards Act, 15 U.S.C. §§ 77p, 78bb ("Motion To Dismiss"). Those documents are public filings with the United States Securities and Exchange Commission ("SEC") for L-3 Communications Holdings Inc. ("L-3 Communications"), VeriSign, Inc. ("VeriSign"), and Electronics for Imaging, Inc. ("EFI"), who

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
NEW YORK

1

BROCADE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV 07-5950

are defendants in the cases of *Indiana Elec. Workers Pension Trust Fund v. Millard*, No. 07 Civ. 172(JGK), 2007 WL 2141697 (S.D.N.Y. July 25, 2007), *Pace v. Bidzos ("VeriSign")*, Nos. C 07-3742-PJH, C 07-3332 PJH, 2007 WL 2908283 (N.D. Cal. Oct. 3, 2007), and *City of Ann Arbor Employees' Ret. Sys. v. Gecht*, No. C-06-7453 EMC, 2007 WL 760568 (N.D. Cal. Mar. 9, 2007), cited by the parties in their respective briefs. Such documents should be considered in connection with Brocade's Motion to Dismiss because they are subject to judicial notice under Federal Rule of Evidence 201.

## II. DOCUMENTS REQUESTED TO BE CONSIDERED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS.

Brocade respectfully requests that the Court consider the following documents in support of its Motion To Dismiss. True and correct copies of each of these documents are attached to the Declaration of Grant P. Fondo ("Fondo Decl.") filed concurrently herewith:

1. L-3 Communications' quarterly report on Form 10-Q, filed with the SEC on November 5, 2007;

2. VeriSign's quarterly report on Form 10-Q, filed with the SEC on November 5, 2007; and

3. EFI's quarterly report on Form 10-Q, filed with the SEC on November 9, 2007.

## III. ARGUMENT

In ruling on a motion to dismiss, it is well settled that the Court may consider documents subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (on a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings). Each of the above enumerated documents is subject to judicial notice, and, thus, should be considered by the Court when ruling on Brocade's Motion To Dismiss.

### A. The Quarterly Reports On SEC Forms 10-Q Of L-3 Communications, VeriSign, And EFI (Documents No. 1-3) Are Subject To Judicial Notice.

Under Federal Rule of Evidence 201, a court may take judicial notice of facts "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). SEC filings are a "matter subject to judicial notice." *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006). Courts may "take judicial notice of the contents of relevant public disclosure documents required to be filed with the SEC as facts capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Yuen v. U.S. Stock Transfer Co.*, 966 F. Supp. 944, 945 n.1 (C.D. Cal. 1997) (citation omitted) (taking judicial notice of numerous facts within SEC filings regarding stock option transaction and loan that were at issue in the litigation).[1] Judicial notice of SEC filings is appropriate on a motion to dismiss in a securities action. *In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003) ("In a securities action, a court may take judicial notice of public filings when adjudicating a motion to dismiss . . ."); *see also In re Silicon Graphics, Inc. Sec. Litig.*, 970 F. Supp. 746, 758 (N.D. Cal. 1997) (citation omitted) (same).

Here, Brocade asks the Court to take judicial notice of three quarterly filings on SEC Forms 10-Q. All three documents are publicly available SEC filings and are therefore appropriate for judicial notice. *Silicon Graphics*, 970 F. Supp. at 758. Accordingly, the Court should take judicial notice of the above referenced SEC filings in considering defendants' Motion To Dismiss.

///
///
///
///
///
///

---

[1] *See also Allison v. Brooktree Corp.*, 999 F. Supp. 1342, 1352 n.3 (S.D. Cal. 1998) (taking judicial notice of fact that defendant purchased stock during the relevant period); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820-821, 825, 835 (C.D. Cal. 1998) (taking judicial notice, in some instances over the plaintiffs' objections, of the defendant's earnings and the fact that individual defendants did not sell shares at high prices as plaintiffs had alleged); *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (taking judicial notice of defendants' compensation levels and their total direct stockholdings).

IV. CONCLUSION

For the reasons stated above, Brocade respectfully requests that the Court consider the documents described above in considering its Motion to Dismiss.

Dated: February 22, 2008

Respectfully submitted,

COOLEY GODWARD KRONISH LLP

/s/
Grant P. Fondo

Attorneys for Defendant
BROCADE COMMUNICATIONS SYSTEMS, INC.

768532 v1/PA

4

BROCADE'S REQUEST FOR JUDICIAL NOTICE
CASE NO. CV 07-5950